COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                       SUFFOLK SUPERIOR COURT
                                                         CIVIL ACTION NO.

| | |
|---|---|
| ERLY MATHIEU,<br>      Plaintiff, | )<br>)<br>) |
| V. | )<br>) |
| CERNER CORPORATION,<br>      Defendant, | )<br>)<br>) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY**

The Plaintiff, Erly Mathieu ("Plaintiff") hereby makes this his complaint and demand for trial by jury against the Defendant, Cerner Corporation ("Defendant").

**PARTIES**

1. The Plaintiff, Erly Mathieu, is an individual residing in Leominster, Worcester County, Massachusetts.

2. The Defendant, Cerner Corporation, is a foreign corporation formed under the laws of the state of Delaware, doing business in Massachusetts, with a Principal Place of Business located at 2800 Rock Creek Parkway, Kansas City, MO 64117.

3. The Defendant's registered agent is CT Corporation System located at 155 Federal Street, Suite 700 Boston, MA 02110.

4. Upon information and belief, the Defendant, Cerner Corporation, performed work at Boston Children's Hospital on or about July 31, 2019.

5. On July 31, 2019, a Cerner representative, Richard Donahue ("Donahue") was performing IT work in the Intermediate Care Program ( ICP) work room.

6. In connection with his work, Donahue placed a laptop on a table which was connected by a cord into an adjacent wall outlet. The cord was left hanging between the two connection points, and was not secured, taped down, protected or moved out of the path of normal pedestrian traffic.

7. The Cerner employee, Donahue, created a tripping hazard for all persons walking in the area near the subject cord. Donahue failed to warn nurses working in the area of the tripping hazard and failed to take any action to prevent the subject cord from being a tripping hazard to pedestrians and workers in the room.

8. On or about July 31, 2019, the Plaintiff, Erly Mathieu, walked into the ICP work room to pick up materials from a co-worker's desk where, due to no fault of her own, she was caused to trip and fall on the aforementioned hanging, unprotected cord, sustaining personal injuries.

9. The Defendant knew or should have known that the cord represented a tripping hazard.

10. Despite these facts, the Defendant took no action to correct the unsafe condition/tripping hazard created by the cord, and/or to warn nurses walking or working in the area of its condition.

## FACTS

## COUNT I – NEGLIGENCE

11. The Plaintiff, Erly Mathieu, repeats and realleges paragraphs 1 through 10, and by reference incorporates and makes them a part of this paragraph and count for negligence.

12. On or about July 31, 2019, the Defendant, Cerner Corporation, owed a certain duty of care to the workers in the area of its IT operations, including the Plaintiff, Erly Mathieu, to maintain the area to be safe and free of tripping hazards.

13. On or about July 31, 2019, the Defendant, breached the duty which it owed to the Plaintiff Erly Mathieu, by creating and/or permitting the existence of a tripping hazard on the floor of the ICP work room between a desk and a table in the location where nurses were working and walking.

14. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was seriously injured, suffering personal injuries, pain and suffering, permanent disfigurement and limitations in her function.

15. The aforementioned incident was caused by reason of the negligence of the Defendant, individually and/or through its agents, servants, subcontractors or employees, and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff, Erly Mathieu.

16. As a further result of the negligence of the Defendant, the Plaintiff, has been put to great expense for medicine, medical care and attention, and nursing, and will for an indefinite time in the future be obliged to expend further monies in an effort to cure herself of the injuries she has suffered, all to her great detriment and loss.

17. As a further result of the negligence of the Defendant, the Plaintiff, has undergone great physical pain and mental anguish and will in the future, all to her great detriment and loss.

18. The venue is appropriate in Suffolk County because the injury occurred in Suffolk County, pursuant to M.G.L. c. 223 Sec.7.

WHEREFORE the Plaintiff, Erly Mathieu, demands judgment against the Defendant, Cerner Corporation, together with her costs, interest, and reasonable attorney's fees, as applicable.

## JURY CLAIM

**THE PLAINTIFF, ERLY MATHIEU, HEREBY DEMANDS A TRIAL BY JURY AS TO ALL CLAIMS AND CAUSES OF ACTION.**

Respectfully submitted,

| | |
|---|---|
| The Plaintiff, | The Plaintiff |
| Erly Mathieu, | Erly Mathieu, |
| By her attorneys, | By her attorneys, |
| /s/ Jeffrey T. Scuteri | /s/ Mark B. Lavoie |
| Jeffrey T. Scuteri, BBO# 449700 | Mark B. Lavoie, BBO# 553204 |
| Goddard, Scuteri & Delaney | Matthew C. Mastromauro, BBO#679049 |
| 27 Congress Street, Suite 401 | McDonough, Hacking & Lavoie, LLC |
| Salem, MA 01970 | 27 Congress Street, Suite 404 |
| 978-745-6200 | Salem, MA 01970 |
| jtscuteri@gsd-law.com | (617) 367-0808 |
| | mlavoie@mhlattys.com |
| | mmastromauro@mhlattys.com |

| Summons | CIVIL DOCKET NO. 2284CV01416B | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Erly Mathieu vs. Cerner Corporation Plaintiff(s) Defendant(s) | | Michael Joseph Donovan — Clerk of Courts Suffolk — County COURT NAME & ADDRESS: SUPERIOR CIVIL COURT SUFFOLK COUNTY COURTHOUSE THREE PEMBERTON SQ. 12th Floor BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO Cerner Corporation (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk County Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk County Court 3 Pemberton Square, Boston MA 02108 (address), by mail or in person **AND**
   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Mark B. Lavoie Esq. McDonough Hacking + Lavoie LLC 27 Congress Street Suite 1404 Salem MA 01970

3. **What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.



3 (cont). You can also respond to a Complaint by filing a "**Motion to Dismiss**," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20 ___ . (Seal)

Clerk-Magistrate _[signature]_
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____                    Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Suffolk |

Plaintiff: Erly Mathieu
ADDRESS: 519 Johnny Appleseed Lane
Leominster MA 01453

Defendant: Cerner Corporation
ADDRESS: 2800 Rock Creek Parkway
Kansas City MO 64117

Plaintiff Attorney: Mark B. Lavoie Esq.
ADDRESS: McDonough Hacking + Lavoie LLC
27 Congress Street Suite 404
Salem MA 01970
BBO:

Defendant Attorney:
ADDRESS:
BBO:

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

CODE NO.: B04
TYPE OF ACTION (specify): TORT
TRACK: F
HAS A JURY CLAIM BEEN MADE? [X] YES [ ] NO

*If "Other" please describe:

Is there a claim under G.L. c. 93A? [ ] YES [ ] NO
Is there a class action under Mass. R. Civ. P. 23? [ ] YES [ ] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $50,000.00

B. Documented lost wages and compensation to date   $150,000.00
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $200,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X                              Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X [signature]                Date: 6/15/22

SC0001: 1/22/2021                       www.mass.gov/courts                       Date/Time Printed: 06-09-2022 12:23:12

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2284CV01416 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Erly Mathieu vs. Cerner Corporation | | Michael Joseph Donovan, Clerk of Court |
| TO: Mark B Lavoie, Esq. McDonough, Hacking and Lavoie, LLC 27 Congress St Suite 404 Salem, MA 01970 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

**TRACKING ORDER - F - Fast Track**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                             **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/20/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 10/20/2022 | |
| All motions under MRCP 12, 19, and 20 | 10/20/2022 | 11/21/2022 | 12/19/2022 |
| All motions under MRCP 15 | 10/20/2022 | 11/21/2022 | 12/19/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/18/2023 | | |
| All motions under MRCP 56 | 05/18/2023 | 06/20/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/16/2023 |
| Case shall be resolved and judgment shall issue by | | | 06/21/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED 06/22/2022 | ASSISTANT CLERK Christine M Hayes | PHONE (617)788-8141 |
|---|---|---|

Date/Time Printed: 06-22-2022 16:03:56                                                                 SCV026\ 08/2018